# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL S. PADDELTY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-14-891-D |

## ORDER

Defendant, the Acting Commissioner of the Social Security Administration, objects to the portion of the Magistrate Judge's Report and Recommendation (R&R) which found the Administrative Law Judge (ALJ) failed to reconcile the vocational expert's (VE) testimony with the *Dictionary of Occupational Titles* (DOT). Exercising de novo review pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Fed. R. Civ. P. 72(b)(3),[1] the Court affirms and adopts the R&R.

## BACKGROUND

Upon receiving an application for disability insurance benefits (DIB) and/or social security income (SSI), an ALJ is required to conduct a five-step sequential

---

[1] Where the district court refers dispositive matters to a magistrate judge for a report and recommendation, the district court must determine de novo any part of the magistrate judge's disposition that has been properly objected to. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

process to determine whether a claimant is disabled. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Step one requires the ALJ to determine whether the claimant is "presently engaged in substantial gainful activity." *Id.* (citations omitted). If not, the ALJ proceeds to step two, which asks whether the claimant has "a medically severe impairment or impairments." *Id*. At step three, the ALJ considers whether the claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." *Id*. If the claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether the claimant's impairments prevent him from performing his past relevant work. *Id*. Even if a claimant is so impaired, the ALJ then considers, at step five, whether he possesses the sufficient residual functional capability (RFC) to perform other work in the national economy. *Id*.

The claimant bears the burden of establishing a prima facie case of disability at steps one through four. *Wells v. Colvin*, 727 F.3d 1061, 1064 n. 1 (10th Cir. 2013). If the claimant meets this burden, the burden of proof shifts to the Commissioner at step five to show the claimant retains a sufficient RFC to perform work in the national economy, given his age, education, and work experience. *Id*.

Although the five-step inquiry is the traditional and customary process employed in determining whether a claimant is disabled, where there is evidence of

drug addiction or alcoholism (DAA) in the record, a sixth step is added. Under this analysis, the ALJ must determine whether the DAA is a "material contributing factor to the claimant's disability." *Redman v. Colvin*, No. CIV-12-1039-R, 2014 WL 652314, at *1 (W.D. Okla. Feb. 19, 2014) (citing 20 C.F.R. § 416.935(a)); *see also* 20 C.F.R. § 404.1535. "In making this determination, the "key factor ... is whether [the ALJ] would still find [claimant] disabled if [claimant] stopped using drugs or alcohol." *Redman, supra* (quoting 20 C.F.R. § 416.935(b)(1) (paraphrasing in original)).

If the ALJ finds that the claimant's remaining limitations would not be disabling, then the DAA is a material contributing factor and the ALJ must find the claimant is not disabled. *Thompson v. Colvin*, No. CIV-15-288-CG, 2016 WL 1273247, at *9 (W.D. Okla. Mar. 31, 2016) (citing 20 C.F.R. § 416.935(b)(2)(i)). If the ALJ finds that the remaining limitations would in and of themselves be disabling, then it must conclude the claimant is disabled. *Id.* (citing 20 C.F.R. § 416.935(b)(2)(ii)).

The evidence before the ALJ on Plaintiff's application included evidence of substance abuse. Applying the aforementioned six-step analysis, the ALJ determined Plaintiff was not disabled. Relevant to these proceedings, the ALJ determined Plaintiff was "able to understand, remember, and follow simple, repetitive 1-2-3 step tasks in

a routine work setting" and "able to appropriately interact with the general public with minimal and superficial contact." R&R at 4. At the administrative hearing, the ALJ asked a vocational expert (VE) whether such a hypothetical individual could perform any work. In response, the VE identified four jobs the hypothetical individual could perform: office helper, small products assembler, laundry folder and price tagger, each job existing in significant numbers both in the State of Oklahoma and nationwide. On cross examination, Plaintiff asked the VE about the General Educational Development (GED) reasoning levels required for each position.[2] The VE testified that with the exception of the office helper position, the identified occupations had a reasoning level of two. The VE was unable to provide a definition of "reasoning level two" during the hearing, but provided a supplemental letter to the ALJ which defined the term thusly:

> Applying commonsense understanding or carry out detailed but uninvolved written or oral instructions. Deals with problems involving a few concrete variables in or from standardized situations.

R&R at 15. The VE, without further explanation, stated her opinion would not change in light of this definition.

---

[2] "Each occupation in the DOT is coded with a reasoning development level, which corresponds to the ability to follow instructions and solve problems that is required for satisfactory job performance." *Hulsey v. Astrue*, 622 F.3d 917, 923 (8th Cir. 2010) (citing 2 *Dictionary of Occupational Titles*, app. C, at 1009-11).

The ALJ accepted the VE's testimony and summarily determined it was consistent with the information contained in the DOT. On appeal to this Court, Plaintiff contended, *inter alia*, that the VE's identified occupations, which required the ability to "carry out detailed but uninvolved written or oral instructions" were inconsistent with information in the DOT, specifically in light of the fact Plaintiff's RFC was determined as only being able to "understand, remember, and follow simple, repetitive 1-2-3 step tasks in a routine work setting." The matter was referred to Magistrate Judge Bernard Jones, who agreed with Plaintiff and determined the finding of level two reasoning was incompatible with the inability to understand, remember, and carry out detailed work-related tasks. R&R at 16. Accordingly, the magistrate judge recommended reversal of the ALJ's decision and remand for further proceedings.

Relying on the unpublished decision in *Anderson v. Colvin*, 514 F. App'x 756 (10th Cir. 2013) (unpublished),[3] the Commissioner contends that GED reasoning levels do not have a direct relation to an RFC or the mental requirements of any given occupation. Rather, according to the Commissioner, such reasoning levels relate only

---

[3]In *Anderson*, the Tenth Circuit noted that "GED does not describe specific mental or skill requirements of a particular job, but rather describes the general educational background that makes an individual suitable for the job, broken into the divisions of Reasoning Development, Mathematical Development and Language Development." *Id*. at 764.

-5-

to a claimant's educational background. The Commissioner asks this Court to decline to adopt the R&R as it relates to this narrow issue.

## STANDARD OF REVIEW

The standard of review in a Social Security appeal is

> whether the Commissioner's final decision is supported by substantial evidence, and whether she applied the correct legal standards. Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.... Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion.... Moreover, all the ALJ's required findings must be supported by substantial evidence....

*Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005) (internal citations and quotation marks omitted). A district court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). However, the Court should not reweigh the evidence or substitute its judgment for that of the ALJ. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).

## DISCUSSION

At the onset, the Court finds an apparent conflict exists in the evidentiary record because the jobs at issue (those with level two reasoning) each require the ability to "carry out detailed but uninvolved written or oral instructions," which are in contrast

to the ALJ's conclusion that Plaintiff could only "understand, remember, and follow simple, repetitive 1-2-3 step tasks in a routine work setting." *Compare Tabor v. Colvin*, No. CIV-14-281-RAW, 2015 WL 5724857, at *3 (E.D. Okla. Sept. 29, 2015) (finding RFC that claimant "was markedly limited in the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public" was inconsistent with requirements of level two reasoning). Stated another way, "[i]f a claimant is limited to simple tasks, it stands to reason that a job requiring the ability to understand and carry out detailed but uninvolved written or oral instructions would create a conflict." *Id*. (citing *McKinnon v. Astrue*, No. 09-cv-613-CMA, 2010 WL 3190621, at *5 (D. Colo. Aug. 12, 2010); *Allen v. Barnhart*, No. C-02-3315-EDL, 2003 WL 22159050, at *10 (N.D.Cal. Aug. 28, 2003)). In such circumstances, the ALJ has an affirmative duty to investigate and elicit a reasonable explanation for any conflict between the DOT and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability. *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir.1999).

In *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005), the Tenth Circuit reversed the portion of the ALJ's decision in which the ALJ found the plaintiff could perform two occupations requiring level three reasoning, explaining that the plaintiff's

RFC that she could maintain the attention, concentration, persistence and pace levels required for simple and routine work tasks appeared inconsistent with the demands of level three reasoning. Although the Court finds it difficult to reconcile here the separate approaches represented by *Hackett* and *Anderson*, it is bound to follow the clear dictates of the circuit's published decision in *Hackett*. Therefore, the Court declines to follow *Anderson* and looks to the circuit's opinion in *Hackett* for guidance. Indeed, courts in this district have uniformly followed *Hackett* when the Commissioner has presented them with similar arguments relying on *Anderson*. *See Clark v. Colvin*, No. CIV-14-1294-L, 2016 WL 1171153, at \*\*5-6 (W.D. Okla. Feb. 26, 2016); *Ward v. Colvin*, No. CIV-14-1141-M, 2015 WL 9451073, at \*1 n. 1 (W.D. Okla. Dec. 23, 2015); *Wiggins v. Colvin*, No. CIV-14-103-R, 2015 WL 5157492, at \*\*2-3 (W.D. Okla. Sept. 2, 2015). The Court sees no compelling reason to disagree with these decisions. To this end, and for the reasons stated above, the Court is unpersuaded that there is no relationship between an individual's RFC and the reasoning level listed in the DOT for a particular occupation and affirms the magistrate judge's conclusion.

The ALJ did not, to the Court's satisfaction, resolve the apparent conflict between the VE's testimony and the DOT, and was therefore not entitled to rely on the VE's testimony as substantial evidence. Accordingly, the Court adopts the R&R

reversing the Commissioner's decision and remanding the case for further proceedings.

## CONCLUSION

The Magistrate Judge's Report and Recommendation [Doc. No. 18] is **ADOPTED** as set forth herein. The Commissioner's decision is hereby **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this Order. A judgment shall be issued forthwith.

**IT IS SO ORDERED** this 1st day of July, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE